UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------x
                                          :
JAYSELLE AMPONIN,                         :
                                          :
                        Plaintiff,        :    14 Civ. 2008 (TPG)
                                          :
            v.                            :    **OPINION**
                                          :
OLAYAN AMERICA CORP.,                     :
                                          :
                        Defendant.        :
                                          :
                                          :
------------------------------------------x

Plaintiff Jayselle Amponin brings suit against defendant Olayan America Corp., her employer from March 2008 through April 2011. Plaintiff claims that defendant terminated her employment due to plaintiff's pregnancy and gender. She alleges discrimination on the basis of pregnancy and gender under (1) Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended by the Pregnancy Discrimination Act of 1978 ("Title VII"); (2) the New York State Human Rights Law, New York Exec. Law § 290 *et seq.* ("NYSHRL"); and (3) the New York City Human Rights Law, N.Y.C. Admin. Code. §§ 8-101 *et seq.* ("NYCHRL"). Plaintiff also seeks to recover unpaid overtime and other monies pursuant to (4) the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and (5) New York Labor Law § 190 *et seq.* ("NYLL").

Defendant has filed a motion to dismiss for failure to state a claim. Defendant's motion concerns only the fourth and fifth claims of plaintiff's complaint—the causes of action for unpaid overtime under the FLSA and NYLL.

For the reasons discussed below, defendant's motion is granted, and plaintiff's fourth and fifth causes of action are dismissed without prejudice. The first three causes of action remain.

## The Complaint

The followings facts are drawn from the complaint, and are assumed to be true for purposes of this motion.

Plaintiff was employed by defendant between March 1, 2008 and April 26, 2011. (Compl. at ¶ 8.) She learned of her pregnancy on or about March 26, 2011, and informed defendant's in-house counsel of her pregnancy on or about April 10, 2011. (Id. at ¶¶ 14, 16.) Plaintiff informed her supervisor that she was pregnant on or about April 20, 2011. (Id. at ¶ 17.) On April 26, 2011, plaintiff was terminated, and was told by a second supervisor: "We just feel like you don't care. You come in late. Your boss already told you about this . . . We need somebody more reliable to be here." (Id. at ¶ 18.)

With respect to her unpaid overtime claims, plaintiff alleges that she worked as an administrative assistant in defendant's Accounting and Trading departments from March 2008 to December 2010. (Id. at ¶ 10.) During that time, plaintiff's "work hours were supposed to be from 9 a.m. to 5 p.m., but she initially worked from 9 a.m. to 6 p.m. As her responsibilities and workload

2

increased, she frequently worked past 6:30 p.m." (*Id.* at ¶ 27.)  Plaintiff alleges that although she "routinely worked over forty (40) hours per week, she was never paid for overtime; even though management was well aware of her work hours." (*Id.*)  Rather, defendant paid plaintiff an annual salary of $50,000. (*Id.* at ¶ 15.)

In December 2010, plaintiff moved internally to defendant's Private Equity and Real Estate department.  While working in that department, in the "early Spring of 2011," plaintiff "generally worked from 9 a.m. to 7 p.m." and "occasionally later." (*Id.* at ¶ 28.)  These longer hours stemmed from a "system project that was taking a significant amount of time to investigate," and "required [plaintiff] to stay at work until at least 7 p.m. every day." (*Id.* at ¶ 29.)  During this time, plaintiff continued to receive an annual salary of $50,000, without overtime pay.  Plaintiff's annual salary was increased to $58,000 on April 6, 2011—less than one month before her termination. (*Id.* at ¶ 15.)

## Discussion

In determining whether to dismiss a complaint for failure to state a claim, a court must "construe plaintiffs' complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in plaintiffs' favor." *Selevan v. N.Y. Thruway Auth.*, 584 F.3d 82, 88 (2d Cir. 2009).  However, to survive a motion to dismiss, a complaint must plead sufficient facts to state a claim for relief that is plausible on its face.

*Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007). Unless a plaintiff's well-pleaded allegations have "nudged [her] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550 U.S. at 570. Determining "whether a plausible claim has been pled is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 114 (2d Cir. 2013) (quoting *Iqbal*, 556 U.S. at 679).

I. <u>The FLSA and NYLL Unpaid Overtime Claims</u>

The FLSA requires that "for a workweek longer than forty hours," an employee who works "in excess of forty" hours shall be paid for that excess work "at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). The NYLL adopts this same standard. N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2 (2011) (incorporating the FLSA definition of overtime into the NYLL).

Defendant does not dispute that plaintiff was paid an annual salary, or that plaintiff was a "non-exempt" employee subject to the protections of the FLSA and NYLL. But defendant has moved to dismiss plaintiff's unpaid overtime claim for failure to meet the pleading standards for FLSA and NYLL claims. That pleading standard—and the degree of specificity needed to state an overtime claim under the FLSA and NYLL—has been addressed by the Second Circuit in three recent opinions.

First, in *Lundy v. Catholic Health System of Long Island, Incorporated*, 711 F.3d 106 (2d Cir. 2013), plaintiffs had pled that they "typically" worked under 40 hours per week, but "occasionally" worked additional shifts over the 40 hour mark.  The Second Circuit affirmed the dismissal of unpaid overtime claims, concluding that "a plaintiff must sufficiently allege 40 hours of work *in a given workweek* as well as some uncompensated time in excess of the 40 hours."  *Lundy*, 711 F.3d at 114 (emphasis added).  The Second Circuit held that the *Lundy* plaintiffs failed to state a claim because they had "not alleged a single workweek in which they worked at least 40 hours and also worked uncompensated time in excess of 40 hours."  *Id.*  The mere pleading of "occasional" overtime did not amount to a "plausible" pleading under the FLSA.  *Id.* at 115.

Next, in *Nakahata v. New York-Presbyterian Healthcare System*, 723 F.3d 192, 199 (2d Cir. 2013), the Second Circuit similarly affirmed a dismissal of a FLSA overtime claim, when plaintiffs had pled that they "regularly worked hours both under and in excess of forty per week and were not paid for all of those hours."  *Nakahata*, 723 F.3d at 199.  Plaintiffs alleged uncompensated work during meal breaks, training sessions, and extra shift time, but did not sufficiently demonstrate how these instances added up to forty or more hours in any given week.  Applying *Lundy*, the court held that "plaintiffs must provide sufficient detail about the length and frequency of their unpaid work to support

5

a reasonable inference that they were worked more than forty hours in a given week." *Id.* at 201.

Finally, in *DeJesus v. HF Management Services*, 726 F.3d 85 (2d Cir. 2013), the Second Circuit again affirmed dismissal of a FLSA overtime claim. In *DeJesus*, the plaintiff alleged that she worked "more than forty hours per week during 'some or all weeks of her employment.'" *Id.* at 87. The district court dismissed plaintiff's claim, finding that she failed "to set forth the precise position she held, any approximation of the number of unpaid overtime hours worked, her rate of pay, or any approximation of the amount of wages due." *Id.* at 87 (internal citations omitted).

Again applying *Lundy*, the Second Circuit held that the *DeJesus* plaintiff's allegations were insufficient to state a claim. In so holding, the court noted that the *DeJesus* complaint provided even less detail than that of *Lundy* or *Nakahata*, and was "devoid of any numbers to consider beyond those plucked from the statute." *Id.* at 89. The court further noted its "concern about the failure of the plaintiff, through counsel, at least to attempt to amend her complaint to add specifics while the district court kept the door open for her to do so." *Id.* The court concluded: "*Lundy*'s requirement that a plaintiff must allege overtime without compensation in a 'given' workweek was not an invitation to provide an all-purpose pleading template alleging overtime in 'some or all workweeks.' It was designed to require plaintiffs to provide some factual context that will 'nudge' their claim 'from conceivable to plausible.'"

6

*Id.* at 90 (quoting *Twombly*, 550 U.S. at 570). To satisfy this standard, plaintiffs need not "keep careful records and plead their hours with mathematical precision," but rather must use their "memory and experience" to provide the court with "sufficiently developed factual allegations." *Id.*

The question now before this court is whether, in light of the guidance provided by *Lundy*, *Nakahata*, and *DeJesus*, plaintiff's complaint provides sufficient factual context to qualify as a "plausible" FLSA claim that can survive a motion to dismiss. Although a close call, the court finds in the negative. Plaintiff does set forth details regarding her position and rate of pay, including annual salary numbers. She also sets forth additional factual context regarding her tasks in the workplace, including tasks in "the early Spring of 2011" which required plaintiff to "generally work[] from 9 a.m. to 7 p.m., and "occasionally later." (Compl. at ¶ 29.) But plaintiff's allegations identify neither a specific week during which she worked more than forty hours, nor the specific number of hours she worked during any such week. Without such key information, the court can only speculate as to whether plaintiff worked more than 40 hours in any particular week without receiving overtime pay.

Perhaps recognizing the deficiencies in the pleadings, plaintiff's brief in opposition to the motion claims that, "from March 2008 to December 2010, although [plaintiff] was scheduled to work forty hours per week, she worked, at a minimum, of forty-five (45) to forty-seven and one half (47 ½) hours per week without receiving overtime compensation." (Dkt. No. 14 at 5.) Plaintiff's brief

also asserts that she "worked, at a minimum, fifty (50) hours per week" from December 2010 through April 2011 without receiving overtime compensation. (*Id.*) But these belated calculations—submitted through counsel, and appearing nowhere in the complaint—cannot salvage the bare allegations in the pleadings. At bottom, the complaint alleges merely that defendant violated the FLSA overtime provision because plaintiff worked some number of excess hours in some unidentified week. Without more facts, these allegations fail to "provide some factual context that will 'nudge' [plaintiff's] claim 'from conceivable to plausible.'" *Dejesus,* 726 F.3d at 90 (quoting *Twombly,* 550 U.S. at 570).[1] Plaintiff's FLSA claim must therefore be dismissed.

The same pleading requirements for plaintiff's FLSA claim apply to her claim under NYLL. *See Lundy,* 711 F.3d at 118; *Dejesus,* 726 F.3d at 89. Because the court finds that plaintiff has failed to adequately plead a valid FLSA claim, plaintiff's NYLL claim is also dismissed.

II. Leave to Amend

In the concluding paragraph of a brief submitted in opposition, plaintiff's counsel "requests permission to amend her Complaint to address any of the

---

[1] This conclusion is consistent with recent holdings on similar pleadings from several other courts in this district. *See, e.g., Johnson v. Equinox Holdings, Inc.,* No. 13 Civ. 6313, 2014 WL 3058438, *4 (S.D.N.Y. July 2, 2014) (claim dismissed where plaintiff alleged that between 2006 and 2011 he "typically worked between twenty one and fifty hours per week, with an additional three to four hours off the clock"); *Bustillos v. Academy Bus, LLC, et al.,* No. 13 Civ. 0565, 2014 WL 116012, at *4-5 (S.D.N.Y. Jan. 13, 2014) (claim dismissed where plaintiff alleged that he "regularly work[ed] from 60 to 90 hours per week").

Court's possible concerns." (Dkt. No. 14 at 10.) Defendant opposes this request.

Under Rule 15(a), leave to amend "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a)). "Nonetheless, the Court may deny leave if the amendment (1) has been delayed unduly, (2) is sought for dilatory purposes or is made in bad faith, (3) the opposing party would be prejudiced, or (4) would be futile." *Foman v. Davis,* 371 U.S. 178, 182 (1962).

In these circumstances, the court grants plaintiff leave to amend. Unlike many of the cases in which leave to amend was denied, plaintiff has never had the opportunity to amend her complaint. *Cf. Bellikoff v. Eaton Vance Corp.,* 481 F.3d 110, 118 (2d Cir. 2007) (holding that plaintiff was not entitled to "an advisory opinion from the Court informing them of the deficiencies in the complaint and then an opportunity to cure those deficiencies" *after* plaintiff had two previous opportunities to amend). Leave to amend for a first time is particularly appropriate here, because the Second Circuit in *DeJesus*—the most recent major ruling on FLSA issues—explicitly noted that its holding affirming dismissal was motivated in some part by the *DeJesus* plaintiff's failure to amend her complaint even after the district court "kept the door open for her to do so." *DeJesus,* 726 F.3d at 89. The court allows that door to remain temporarily open to plaintiff.

## Conclusion

The motion to dismiss is granted without prejudice. Plaintiff shall have 30 days from the date of this opinion to amend the pleadings concerning the fourth and fifth causes of action. The first three causes of action remain in effect, and shall not be amended in any newly filed complaint without prior leave from the court.

This opinion resolves the motion listed as item 7 on the docket.

SO ORDERED.

Dated: New York, New York
       March 16, 2015

_____
Thomas P. Griesa
U.S. District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/16/15